26  317<br/>42  715

No. 3396.

## I. THARP v. O. V. WAGGNER.

The motion to dismiss the appeal on the ground that the bond is not made payable "to the clerk of the court," can not prevail.

The bond is given in favor of H. L. Burns, his executors and administrators and assigns. The certificate to the transcript shows that H. L. Burns is the clerk of the court, besides other evidence thereof in the record.

Without any evidence this court will take notice of the official capacity of H. L. Burns as a public officer of this State, and will presume that a judicial bond given in his favor was given in reference to that capacity and in reference to the statute requiring the bond to be given in favor of the clerk of the court.

There is no doubt that the bond could be enforced against its makers, having been given in reference to the law, and this is the proper test of its sufficiency.

APPEAL from the Second Judicial District Court, parish of Jefferson. *Pardee*, J. *Hawkins & Tharp*, for plaintiff and appellant. *Fellows & Mills*, for defendant and appellee.

### ON MOTION TO DISMISS.

WYLY, J. The motion to dismiss this appeal on the ground that the appeal bond is not made payable "to the clerk of the court," can not

prevail. The bond is given in favor of "H. L. Burns, his executors and administrators and assigns." The certificate to the transcript shows that H. L. Burns is the clerk of the court, besides other evidence thereof in the record.

Without any evidence this court will take notice of the official capacity of H. L. Burns as a public officer of this State, and will presume that a judicial bond given in his favor was given in reference to that capacity and in reference to the statute requiring the bond to be given in favor of the clerk of the court. We think there is no doubt that the bond could be enforced against its makers, having been given in reference to the law, and this is the proper test of its sufficiency.

The motion is overruled.

## ON THE MERITS.

HOWELL, J. This is a suit against the maker of a promissory note, the defense to which is that the said note, and another due at a later date, were given by defendant to the payee, W. H. Hannon, for the interest of the latter in a brickyard, the payment of said notes being secured by a mortgage on a certain brig, named Fredonia, which was by special agreement sold in New York, on condition that Hannon should accept half the price thereof in full satisfaction of the said two notes, which agreement was carried out and the notes thereby extinguished, and the plaintiff, not acquiring the one sued on prior to its maturity, can not recover.

Hannon was examined as a witness under a commission, and he states positively that the net proceeds of the vessel paid only one of the notes, which he returned to the defendant, but the other was not paid, and was not in his possession at the date of its maturity. The other evidence in the record does not overcome this positive testimony. The defendant was a witness in this case, and he does not contradict the statements of Hannon as to the accounts against and sale of the brig, the disposal of the proceeds and return of the one note, with a report of all these matters to him by Hannon. There was therefore an acquiescence on his part. As the evidence does not make out the defense, the plaintiff should recover.

It is therefore ordered that the judgment appealed from be reversed, and that plaintiff recover of defendant $2750, with five per cent. interest thereon from April 10, 1869, and costs.

Rehearing refused.